UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KELLY MUSTAPHA,<br><br>Plaintiff,<br><br>v.<br><br>ADVISOR GROUP, INC.,<br><br>Defendant. | **Civil Action File No.**<br><br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Kelly Mustapha ("Ms. Mustapha") states her complaint against the above-named Defendant as follows:

1. This is a complaint for violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, as amended (the "ADA").

## VENUE AND JURISDICTION

2. This Court has jurisdiction over Ms. Mustapha's claims, which arise under federal law, pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this Court because the acts or omissions described herein occurred within the Atlanta Division of the Northern District of Georgia.

## THE PARTIES

4. Ms. Mustapha is a resident and citizen of the State of Georgia. She submits to the jurisdiction of this Court.

5. Defendant Advisor Group, Inc. ("Advisor Group") is a Maryland corporation authorized to conduct business in Georgia.

6. At all times relevant to this lawsuit, Advisor Group was Ms. Mustapha's employer as that term is defined by the ADA.

## ADMINISTRATIVE PROCEDURES

7. Ms. Mustapha has exhausted her administrative remedies with respect to the claims asserted herein.

8. Ms. Mustapha timely filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on January 31, 2020.

9. The EEOC issued a "Notice of Right to Sue" on March 2, 2021, entitling an action to be commenced within 90 days of receipt of such notice.

## FACTUAL BACKGROUND

10. Ms. Mustapha began employment with Advisor Group in or about May 2017. She worked as a commissions processor at Advisor Group's offices located in Atlanta, Georgia.

11. In April 2019, Ms. Mustapha began experiencing health symptoms that

required her to take medical leave from work. Ms. Mustapha began medical leave on or about April 30, 2019.

12. While on medical leave, Ms. Mustapha was diagnosed with Multiple Sclerosis ("MS") on or about May 31, 2019.

13. MS substantially limits one or more of Ms. Mustapha's major life activities. For example, MS impairs Ms. Mustapha's ability to work, eat, sleep, walk, stand, lift, bend, speak, breath, learn, read, concentrate, think, and communicate.

14. After beginning medical leave, Ms. Mustapha requested to be permitted to work from home.

15. Advisor Group allowed Ms. Mustapha to remain on medical leave instead of permitting her to work from home.

16. In August 2019, while on medical leave, Ms. Mustapha provided Advisor Group with medical paperwork indicating that her expected return to work date was January 1, 2020.

17. Advisor Group terminated Ms. Mustapha's employment on October 7, 2019.

## COUNT 1

## Violation of Title I of the ADA

18. Title I of the ADA prohibits employers from terminating an employee due to

the employee's disability (or perceived disability).  Title I of the ADA also requires that employers reasonably accommodate an employee's disability.

19. Advisor Group violated the ADA by (1) failing to engage in an interactive process with Ms. Mustapha after learning of her disability to determine whether her disability could be reasonably accommodated, (2) failing to reasonably accommodate Ms. Mustapha's disability, and (3) terminating Ms. Mustapha's employment due to her disability (or perceived disability).

20. For example, Ms. Mustapha would have been able to perform the essential functions of her position had she been permitted to work from home or to continue medical leave until January 2020. However, Advisor Group did not allow these accommodations and terminated Ms. Mustapha instead.

21. Ms. Mustapha is entitled to recover all damages caused by Advisor Group's ADA violation, including lost wages, compensatory damages, attorneys' fees, and litigation costs.

Based on the above, Ms. Mustapha demands a jury trial on all triable issues and asks the Court for the following relief:

(1) An order that Defendant violated her rights under the ADA and judgment in her favor,

(2) lost back pay,

(3)   reinstatement, or front pay in lieu of reinstatement,

(4)   compensatory damages as permitted by the ADA,

(5)   prejudgment interest,

(6)   litigation costs,

(7)   attorneys' fees, and

(8)   other relief deemed appropriate by the Court.

Respectfully submitted on May 25, 2021.

**Regan Keebaugh**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com